**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH BRENNAN, individually and on behalf of all others similarly situated | § § § § § | Docket No. __18 C 5098__ |
| Plaintiff, | § § | |
| v. | § | JURY TRIAL DEMANDED |
| JOHNSON SERVICE GROUP, INC. | § § § | |
| Defendant. | § § | |

**ORIGINAL FLSA COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.      Johnson Service Group, Inc. ("Defendant") failed to pay Joseph Brennan ("Plaintiff"), and other workers like him, overtime as required by the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et. seq.*

2.      Instead, Defendant paid Plaintiff and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime") plus an hourly per diem.

3.      Plaintiff brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

**JURISDICTION AND VENUE**

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

6.      Defendant's corporate headquarters is located in this District and Division.

## THE PARTIES

7.      From approximately April 2016 until December 2017, Plaintiff worked as an hourly employee of Defendant. Throughout his employment with Defendant, Plaintiff was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation and an hourly per diem. His written consent is attached as Exhibit A.

8.      Plaintiff brings this Action on behalf of himself and other similarly situated workers who were paid by Defendant's "straight time for overtime" plus per diem system.

9.      The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees who worked for Defendant during the past 3 years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek), or "straight time for overtime" (the "Putative Class Members").**

10.     Plaintiff seeks conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b). This class includes those individuals who, like Plaintiff, received straight time for overtime.

11.     Defendant is a Delaware corporation and may be served with process by serving its registered agent at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

12.     At all times hereinafter mentioned, Defendant was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13.     At all times hereinafter mentioned, Defendant was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14.     At all times hereinafter mentioned, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the

FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had and has an annual gross volume of sales made or business done of not less than

$500,000 (exclusive of excise taxes at the retail level which are separately stated).

15.     At all times hereinafter mentioned, Plaintiff and the Putative Class Members (as

defined above) were engaged in commerce or in the production of goods for commerce per 29 U.S.C.

§§ 206-207.

## THE FACTS

16.     Defendant provides "cross-industry staffing solutions" to its clients.

17.     In order to provide these services, Defendant hires employees it pays on an hourly

basis.

18.     During the operative time period, Plaintiff was an hourly employee of Defendant.

19.     Defendant paid Plaintiff by the hour.

20.     Plaintiff reported the hours he worked to Defendant on a regular basis.

21.     Plaintiff normally worked more than 40 hours in a single workweek.

22.     The hours Plaintiff worked are reflected in Defendant's payroll records.

23.     Defendant paid Plaintiff the same hourly rate for all hours worked, including those

hours in excess of 40 hours in a single workweek.

24.     Defendant did not pay Plaintiff overtime for all hours worked in excess of 40 hours in

a single workweek.

25.     Rather than receiving time and one-half as required by the FLSA, Plaintiff only

received "straight time" pay for overtime hours worked.

26.     This "straight time for overtime" payment scheme violates the FLSA.

27.     Defendant was aware of the overtime requirements of the FLSA.

28.     Defendant nonetheless failed to pay certain hourly employees, such as Plaintiff, overtime pay.

29.     In addition to his hourly pay, Defendant paid Plaintiff and the Putative Class Members an hourly per diem.

30.     Defendant did not include the per diem it paid to Plaintiff in the regular rate of pay for the purposes of determining the overtime rate for Plaintiff or the Putative Class Members.

31.     The per diem was not excludable from the regular rate of pay.

32.     The per diem did not reasonably account for expenses incurred by Plaintiff or the Putative Class Members for the benefit of Defendant.

33.     Defendant did not require Plaintiff or the Putative Class Members to substantiate the need to be reimbursed for the per diem payments made to them by Defendant.

34.     The per diem payments made by Defendant were not discretionary. Indeed, the frequency, amount, and timing of the per diems paid to Plaintiff and the Putative Class Members were specifically set forth in their employment agreements with Defendant.

35.     Very little skill, training, or initiative, in terms of independent business initiative, was required of Plaintiff to perform his job duties.

36.     Indeed, the daily and weekly activities of Plaintiff and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Defendant.

37.     Virtually every job function performed by Plaintiff and the Putative Class Members was pre-determined by Defendant and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

38.     Plaintiff and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

39.     Plaintiff and the Putative Class Members performed routine manual and technical job duties that were largely dictated by Defendant.

40.     Plaintiff and the Putative Class Members do not perform high level decision making.

41.     Plaintiff and the Putative Class Members do not hire, fire, or discipline other employees.

42.     Plaintiff and the Putative Class Members do not exercise independent judgment or discretion in the way they perform their job duties.

43.     Plaintiff and the Putative Class Members do not supervise two or more employees for a total of 80 or more hours a week.

44.     Plaintiff and the Putative Class Members perform substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person.

45.     Plaintiff and the Putative Class Members also worked similar hours and were denied overtime pay as a result of the same illegal pay practices.

46.     Plaintiff and the Putative Class Members regularly worked in excess of 40 hours each week.

47.     Defendant did not pay Plaintiff and the Putative Class Members on a salary basis.

48.     Defendant paid Plaintiff and the Putative Class Members "straight time for overtime."

49.     Defendant failed to pay Plaintiff and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

50.     Defendant further failed to factor in the per diem into the regular rate calculation for purposes of determining the proper rate of overtime pay.

5

51.     Defendant knew, or acted with reckless disregard for whether, Plaintiff and the Putative Class Members were misclassified as exempt.

52.     Defendant's failure to pay overtime to these hourly workers at all and/or at the proper overtime rate was, and is, a willful violation of the FLSA because Plaintiff and the Putative Class Members were misclassified as exempt and denied overtime compensation at the correct rate.

## COLLECTIVE ACTION ALLEGATIONS

53.     The illegal pay practices Defendant imposed on Plaintiff were imposed on the Putative Class Members.

54.     Numerous individuals were victimized by these patterns, practices, and policies which are in willful violation of the FLSA.

55.     Numerous other individuals who worked with Plaintiff were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

56.     Based on his experiences and tenure with Defendant, Plaintiff is aware that Defendant's illegal practices were imposed on the Putative Class Members.

57.     The Putative Class Members were not paid overtime when they worked in excess of 40 hours per week.

58.     And if they were paid overtime at all (they weren't), the Putative Class Members were not paid overtime at the proper rate because Defendant failed to factor in the per diem payments as required.

59.     Defendant's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

60.     Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

61.     The specific job titles or precise job locations of the various Putative Class Members do not prevent collective treatment.

62.     Plaintiff has no interests contrary to, or in conflict with, the Putative Class Members.

63.     Like each member of the Putative Class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

64.     The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Defendant.

65.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

66.     Absent a collective action, many of the Putative Class Members will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA.

67.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

68.     If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Defendant, and to the Court.

69.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

70.     The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.  Whether Defendant required Plaintiff and the Putative Class Members to work more than 40 hours during individual work weeks;

b.  Whether Defendant's decision to pay the Putative Class Members straight time for overtime was made in good faith;

c.  Whether Defendant's failure to exclude per diem payments from the Putative Class Members' regular rate for purposes of calculating overtime was made in good faith;

d.  Whether Defendant failed to pay Plaintiff and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

e.  Whether Defendant's violation of the FLSA was willful; and

f.  Whether Defendant's illegal pay practices were applied to the Putative Class Members.

71.  Plaintiff and members of the Putative Class sustained damages arising out of Defendant's illegal and uniform employment policies.

72.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

73.  Plaintiff will fairly and adequately represent and protect the interests of the Putative Class Members.

74.  Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## CAUSES OF ACTION

75.     By failing to pay Plaintiff and those similarly situated to him overtime at one-and-one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

76.     Defendant owes Plaintiff and those similarly situated to him overtime pay at the proper overtime rate.

77.     Because Defendant knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Defendant owes these wages for at least the past three years.

78.     Defendant is liable to Plaintiff and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

79.     Plaintiff and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

80.     Plaintiff prays for relief as follows:

a.      An Order designating this matter as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      For an Order appointing Plaintiff and his counsel to represent the interests of the Putative Class Members;

c.      For an Order finding Defendant liable to Plaintiff and the Putative Class Members for unpaid overtime, calculated at the proper rate, owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.      For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

e.      For an Order granting such other and further relief as may be necessary and

appropriate.

Respectfully submitted,


Date:  July 26, 2018                                          /s/Douglas M. Werman
                                                             One of Plaintiffs' Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Werman Salas P.C.
77 W. Washington St., Suite 1402
Chicago, IL 60602
(312) 419-1008

                **AND**

Michael A. Josephson
Texas State Bar No. 24014780
mjosephson@mybackwages.com
Lindsay R. Itkin
Texas State Bar No. 24068647
litkin@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

                **AND**

Richard J. (Rex) Burch
Texas State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com


**ATTORNEYS IN CHARGE FOR PLAINTIFF**

# EXHIBIT A

## CONSENT TO JOIN WAGE CLAIM

Print Name: **Joseph P Brennan**

1. I hereby consent to participate in a collective action lawsuit against **Johnson Service Group** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at JOSEPHSON DUNLAP and BRUCKNER BURCH to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _Joseph P Brennan (Jun 13, 2018)_          Date Signed: **6/9/2018**